UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Terry Matthew Hall

   v.                                             Case No. 19-cv-572-JL

Warden, FCI Berlin

## REPORT AND RECOMMENDATION

Before the court is Terry Matthew Hall's initial pleading (Doc. No. 1), which he prepared by filling out a form "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241." To the extent his filing has been docketed as a § 2241 petition, the matter is here for preliminary review to determine, among other things, whether it asserts facially valid claims challenging the Federal Bureau of Prisons ("BOP") calculation of his sentence. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to petitions filed under § 2241); LR 4.3(d)(4).

Mr. Hall, who was an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") at the time he filed this action, has asked this court in his form petition for advice as to whether he can expect to receive a credit of ten days per month, under the First Step Act, for programing, landscaping work, and schoolwork he asserts he completed while

at FCI Beckley in West Virginia, as well as the programming he has completed since the First Step Act was enacted. In that regard, this court notes that the First Step Act, in pertinent part, amended 18 U.S.C. § 3632(d)(4) to require the Attorney General to develop a "risk and needs assessment" system that would allow certain eligible inmates to earn ten days credit for every 30 days of successful participation in programs completed after the date of that Act's enactment. See id.

Mr. Hall asked similar questions in a March 2019 letter addressed to the court in the Eastern District of North Carolina, where he had been sentenced, see United States v. Hall, No. 5:14-cr-206-4BO (E.D.N.C.), asking that court whether he would receive First Step Act credit for programming he had completed. That court decided that Mr. Hall was seeking legal advice and not the type of relief that would warrant converting his letter into a petition for a writ of habeas corpus. But since Mr. Hall was an FCI Berlin inmate in March 2019, that court sent him a blank form § 2241 petition and pointed him towards this court as the right place to file a section 2241 petition, if he wanted to challenge how the BOP had calculated his sentence credits. See Apr. 8, 2019 Order, Hall (E.D.N.C. Apr. 8, 2019) (ECF No. 392).

This court similarly concludes that the questions Mr. Hall asks and the answers he seeks through his form § 2241 petition

2

-- answers and advice from this court about whether, under the First Step Act, he will get credit for programming he has completed -- are not the type of claims that fall within the scope of this court's jurisdiction under 28 U.S.C. § 2241. After Mr. Hall has used the BOP Administrative Remedy Program to challenge any decisions the BOP might make about his sentence credits, see 28 C.F.R. §§ 542.10-542.19, he may file a § 2241 petition in the federal court with jurisdiction over the warden in the facility where he is held at that time.[1] Nothing in the record suggests that Mr. Hall has exhausted those administrative remedies.  For those reasons, the district judge should dismiss Mr. Hall's § 2241 petition without prejudice, for lack of jurisdiction.

## Conclusion

For reasons stated above, the district judge should dismiss this petition for lack of jurisdiction.  The clerk's office is directed to send a copy of this Report and Recommendation to Mr. Hall at the United States Penitentiary Lee in Virginia, the federal facility where he appears to be currently incarcerated.

---

[1] The BOP Inmate Locator states that Mr. Hall is presently an inmate at the United States Penitentiary Lee in Virginia.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

April 20, 2020

cc:  Terry Matthew Hall, pro se